M. Philmore HOWLETTE and William V. Daniel, on behalf of themselves and all others similarly situated, Plaintiffs,

and

Richmond Independent Taxpayers Association, Inc., et al., Appellants,

v.

CITY OF RICHMOND, VIRGINIA, William J. Leidinger, City Manager and H. Jack Lissenden, Director of Finance, Appellees.

No. 78–1296.

United States Court of Appeals, Fourth Circuit.

Argued July 18, 1978.

Decided July 20, 1978.

ment. The intervenors in effect also protected the class. If they had prevailed on the merits, the relief afforded them would have inured to the benefit of the class.

The judgment is affirmed. The clerk is directed to issue the mandate forthwith.

David M. Shapiro, Caudle & Shapiro, Richmond, Va., for appellants.

Michael W. Smith, Richmond, Va. (Conard B. Mattox, Jr., City Atty., and Andrew J. Brent, Lee F. Davis, Jr., Leslie W. Mullins, Christian, Barton Epps, Brent & Chappell, Richmond, Va., on brief), for appellees.

Before BUTZNER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

The appellants contest a judgment of the district court upholding the constitutionality of a provision of the charter of the City of Richmond requiring each signature of a qualified voter on a petition for a referendum to be verified before a notary. For reasons adequately stated in the memorandum of the district court, *Howlette v. The City of Richmond,* C/A No. 78–0215–R (April 14, 1978), we conclude that the ordinance is valid. *Cf. American Party of Texas v. White,* 415 U.S. 767, 94 S.Ct. 1296, 39 L.Ed.2d 744 (1974).

The appellants also complain of the court's rulings concerning designation of a class representative, and they question whether the plaintiffs are acting independently of the defendants. Inasmuch as the appellants were allowed to intervene, the court's designation of the plaintiffs as the representatives of the class is of little mo-